IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANTHONY DERRICK DANIELS,**

    Plaintiff,

v.                                                                                     Civil Action No. **3:19CV68**

**LEONARD McCALL,**

    Defendant.

## MEMORANDUM OPINION

Anthony Derrick Daniels, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. For the reasons that follow, the Court will dismiss the action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for failure to state a claim upon which relief may be granted.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Daniels's Complaint (ECF No. 1) contains a terse and disjointed statement of his claim against Leonard McCall, a defense attorney who represented Daniels during his criminal proceedings. (*Id.* at 2.) He labels his claim as brought pursuant to "The 5th, 6th, and 14th Amendments to the U.S. Constitution"[1] (*id.* at 3) and states as follows:[2]

> The plaintiff's attorney (Mr. McCall) failed to file a quash motion when evidence was strongly supported by facts and laws in my case. Defendant (Mr. McCall) was my attorney and failed to file a motion with evidence given to him from June 1, 2018 to the courts. Showing no integrity and reckless disregard of the truth of plaintiff's constitutional rights, also statutes and laws in Richmond Circuit Court.

(*Id.* at 4.) In an attachment labeled "Claim Attachment 1A," Daniels continues the claim, and states:

> The Plaintiff is now on lawyer #4. The facts of perjury by Ms. Cheatham in preliminary statement areas follows, "she said it was my car." This is my date of arrest 10/14/17 for expired registered vehicle tags. The car is registered to Ms. Cheatham. I have been convicted on these charges in Henrico Traffic Court. The

---

[1] The Fifth Amendment provides in pertinent part: "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V. Similarly, the Fourteenth Amendment Due Process Clause provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Finally, the Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] The Court corrects the punctuation, capitalization, spelling, and spacing in quotations from Daniels's submissions. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

3

> 4 people in the courtroom support the fact of perjury against Ms. Cheatham:
> 1. Judge 2. Police Officer 3. Court Clerk 4. Lawyer from Henrico Traffic Court.
> (Have tickets.)

(*Id.* at 5.) In his second attachment, labeled "Claim: (Attachment 2A)," Daniels also states:

> Defendant McCall failed to file quash motion, when evidence against witnesses was strongly supported by facts and laws in my case. Leads me to the conclusion that, the lawyer rendered ineffective assistance of counsel. On that complaint basis, I initiated a civil malpractice claim.
>
> Defendant Mr. McCall received evidence from June 1, 2018, that proved perjury. Several documents [were] signed by Ms. Cheatham and dated before the alleged incident. The plaintiff wrote the court on June 6, 2018 and the BAR on this matter. The defendant refused to submit the evidence to the courts, but the plaintiff has several court dates where the defendant could have put forth motions knowing the law concerning the perjury 18.2–434. And the result, a defect in process, does to the outcome of the plaintiff being further detained. As a result of the defendant's moral turpitude toward an indigent client due process has not been achieved in the plaintiff's case.

(*Id.* at 14.) Many pages later, Daniels also contends that "the defendant failed to perform Virginia Defense Commission Standards of Practice for Indigent Counsel" and failed to investigate certain alleged evidence. (*Id.* at 23.) Daniels requests monetary damages. (*Id.* at 24.)

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The Court finds it both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Daniels's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the

disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Daniels faults Defendant McCall, his defense attorney, for various perceived errors in his criminal proceedings. However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Daniels claims against Defendant McCall are both frivolous and fail to state a claim upon which relief may be granted.

## IV. Conclusion

The action will be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/29/19
Richmond, Virginia

5